R. Rex Parris (SBN 96567)
    rrparris@parrislawyers.com
Kitty K. Szeto (SBN 258136)
    kszeto@parrislawyers.com
John M. Bickford (SBN 280929)
    jbickford@parrislawyers.com
Ryan A Crist (SBN 316653)
    rcrist@parrislawyers.com
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone:    (661) 949-2595
Facsimile:    (661) 949-7524

Eric Rouen (SBN 242341)
    rouenlaw@att.net
**THE DOWNEY LAW FIRM**
9595 Wilshire Blvd., Suite 900
Beverly Hills, California 90212
Telephone:    (610) 324-2848
Facsimile:    (610) 813-4579

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CHARLES BATES, an individual, on behalf of himself and all members of the putative class,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:20-cv-00700-TLN-EFB<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>(1) Violation of California Labor Code § 226.7 (Unpaid Meal Period Premiums);<br>(2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(3) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(4) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(5) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); and,<br>(6) Violation of California Business & Professions Code §§ 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHARLES BATES ("Plaintiff") on behalf of himself, all other members of the general public similarly situated, files this amended complaint against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100, inclusive ("Defendants"). Plaintiff's allegations are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative or putative class member, including claims for compensatory damages, interest, penalties, and attorneys' fees, is less than $75,000.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over all Defendants because each defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

**PARTIES**

5. Plaintiff CHARLES BATES is a citizen of the State of California.

6. Defendants LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS COMPANY are corporations organized and existing under the laws of the State of Colorado, and transact business throughout the State of California, including the County of San Joaquin. At all

relevant times, Defendants LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS COMPANY were the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

7. At all times herein relevant, Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a Doe is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9. Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

**FACTUAL ALLEGATIONS**

10. Defendants employed Plaintiff as a non-exempt or hourly-paid employee until February 27, 2018 when Plaintiff resigned.

11. Defendants have the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff and the other class members; and to supervise their daily employment activities.

12. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment, and personnel practice.

15. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for all work performed.

16. Pursuant to state and federal regulations and Defendants' own internal policies and procedures, Plaintiff and Class Members are required to wear protective gear and equipment to prevent cross-contamination of the food product manufactured by Defendants. Mandatory gear includes, but is not limited to, plastic aprons, smocks, plastic arm sleeves, plastic and cloth gloves, bump caps, hairnets, earplugs, and other protective equipment and coverings.

17. At the beginning of each work day, prior to the start of paid time, Plaintiff and Class Members spend substantial amounts of time, for which they are not compensated, waiting to receive gear, donning their required gear, walking to production lines, and performing other work activities. As a result of the various work activities which must be performed prior to the start of continually paid time, employees regularly are forced to arrive at the plant well before the start of their shifts and are not credited for all time spent working on behalf of Defendants. The same duties are required at the end of the shift, meaning Defendant required Plaintiff and the Class Members to perform the same duties in reverse order *after* clocking-out. Defendant required Plaintiff and the putative class to also be available for contact after working hours to answer work related questions, including where tools were located, the status of equipment, staffing issues, and more. Defendant's supervisors did in fact contact Plaintiff and the Class Members after hours with these work related questions, but failed to pay them for this time. By way of example, these violations occurred the workweek of August 7, 2017, and continued each and every workweek throughout the class period. Plaintiff was scheduled for five days of work,

each day constituting eight hours of paid time on the clock. However, due to Defendants' requirements to put on and take off gear, waiting in line, go to the locker room, and answering work-related questions off-the-clock., Plaintiff was not paid in excess of his eight hour shift. Other shifts lasted approximately 10 hours, but Plaintiff was not paid in excess of those 10 hours for the same duties.

18.  Plaintiff and Class Members were not afforded ten-minute rest periods free of work activities because of the amount of mandatory work activities compelled by Defendants' policies, including lengthy walks to rest areas. Additionally, by policy, Defendants continued to exercise control over Plaintiff and Class Members during rest periods including by prescribing where rest periods maybe taken and what Plaintiff and Class Members must wear during rest periods. For example, it took several minutes walking to the breakroom, several minutes walking back, and several minutes in the Red Line room, which Plaintiff and the Class Members were required to pass through before returning from breaks. Furthermore, Defendant requires the putative class members to carry radios and keep them on at all times, including during meal and rest periods, thereby depriving them of the ability to take breaks. Defendant also contacted Plaintiff and the Class Members in the breakrooms via telephone, intercoms, and in person while knowing they were on breaks. Defendants also required Plaintiff and the other Class Members to keep the production line moving at all times in order to avoid shutdowns, including during their meal and rest periods. Therefore, Plaintiff and Class Members were denied the opportunity to take legally-compliant ten-minute rest periods. By way of example, these violations occurred the workweek of August 7, 2017, and continued each and every workweek throughout the class period.

19.  Defendants policy uniformly failed to afford Plaintiff and Class Members the opportunity to take legally compliant meal breaks, either as a result of requiring work duties to be performed during the 30 minute unpaid break, such as discussing work activities with supervisory personnel and/or by not offering 30 minute meal breaks within 5 hours of the start of work activities. Similarly, all hourly workers were required to leave dining areas several minutes prior to the conclusion of their 30-minute meal period in order to allow them sufficient time to walk back to punch-clocks and wait to punch-in. For example, it took several minutes walking to the breakroom, several minutes walking back, and several minutes in the Red Line room, which Plaintiff and the Class Members were required to pass through before returning from breaks. In addition, Defendants continued to exercise control over

Plaintiff and Class Members during meal periods because Defendant required Plaintiff and the Class Members carry radios to remain on-call at all times during their meal and rest periods, thereby depriving them of their ability to take breaks. Defendant also contacted Plaintiff and the Class Members in the breakrooms via telephone, intercoms, and in person while knowing they were on breaks. Defendants also required Plaintiff and the other Class Members to keep the production line moving at all times in order to avoid shutdowns, including during their meal and rest periods. Therefore, Plaintiff and Class Members were uniformly not provided with the opportunity to take and enjoy legally-compliant, duty free, 30-minute meal periods. By way of example, these violations occurred the workweek of August 7, 2017, and continued each and every workweek throughout the class period.

20. Defendants also required Plaintiff and the other Class Members to respond to their supervisor and fellow workers' questions and follow their supervisors' instructions during meal and rest periods.

21. Defendants' meal policy did not afford Plaintiff and Class Members with an opportunity to take a second, off-duty 30-minute meal period on shifts of ten hours or longer within 10 hours of starting integral and indispensable work activities.

22. At the end of the day – and after the conclusion of paid time by Defendants – Plaintiffs and Class Members also were required to doff and return of their SG to lockers and hampers without the over time pay to which they are entitled under California law.

23. Defendants' unlawful conduct has been widespread, repeated, and willful throughout their Tracy, California facility. Defendants knew, or should have known, that their policies and practices have been unlawful and unfair.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly paid employees.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and/or applicable Labor Codes, thus are entitled to any and all applicable penalties.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or

should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

31. At all material times set forth herein, Defendants regularly and consistently failed to compensate Plaintiff and the other class members for all hours worked.

32. At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to pay wages to Plaintiff and the other class members.

33. At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to provide uninterrupted meal and rest periods to Plaintiff and the other class members.

34. At all material times set forth herein, Defendants regularly and consistently failed to provide complete and accurate wage statements to Plaintiff and the other class members.

35. At all material times set forth herein, Defendants regularly and consistently failed to pay

Plaintiff and the other class members all wages owed to them upon discharge or resignation.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.

37. The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt California based employees employed by Defendants at their Tracy, California facility within the State of California at any time during the period from February 28, 2016 to the date of certification.

38. Plaintiff reserves the right to establish subclasses as appropriate.

39. The class is ascertainable and there is a well-defined community of interest in the litigation:

   a. The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be ninety-nine (99) individuals or less and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

   b. Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

   c. Plaintiff will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed Class Counsel, are versed in the rules governing class action discovery, certification, settlement, and trial. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this

action for the substantial benefit of each class member.

  d. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

  e. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

40. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

  a. Whether Plaintiff and the other class members did not receive wages for all time worked;

  b. Whether Defendants deprived Plaintiff and the other class members of meal periods or required Plaintiff and the other class members to work during meal periods without compensation;

  c. Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

  d. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

  e. Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, section 226;

  f. Whether Defendants' conduct was willful or reckless;

  g. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

    h.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

    i.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code section 226.7)**

**(Against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100)**

41. Plaintiff incorporates and re-alleges each paragraph above as though set forth herein.

42. At all relevant times, the IWC Order and California Labor Code section 226.7, subdivision (a) was applicable to Plaintiff's and the other class members' employment by Defendants.

43. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

44. At all relevant times, the applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

45. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

46. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

47. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other

class members the full meal period premium for work performed during meal periods.

48. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

49. Defendants' conduct violates applicable IWC Wage Order and California Labor Code section 226.7.

50. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7 subdivision (b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code section 226.7)

### (Against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100)

51. Plaintiff incorporates and re-alleges each paragraph above as though set forth herein.

52. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

53. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

54. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 1/2) hours.

55. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

56. During the relevant time period, Defendants willfully required Plaintiff and the other class

COMPLAINT AND DEMAND FOR JURY TRIAL

members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

57. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

58. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

59. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7, subdivision (b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## THIRD CAUSE OF ACTION

**(Violation of California Labor Code sections 1194, 1197, and 1197.1)**

**(Against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100)**

60. Plaintiff incorporates and re-alleges each paragraph above as though set forth herein.

61. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

62. During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

63. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

64. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum

wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

65. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION

**(Violation of California Labor Code sections 201 and 202)**

**(Against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100)**

66. Plaintiff incorporates and re-alleges each paragraph above as though set forth herein.

67. Pursuant to California Labor Code sections 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

68. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ. Specifically, Plaintiff did not receive a final check within 72 hours, nor did he receive a final check with payment for all the time he spent working off-the-clock or during meal and rest breaks. Defendant knew Plaintiff and the Class Members worked these hours and that they should have been compensated immediately upon leaving Defendants' employ, but did nothing to ensure they were properly paid.

69. Defendants' failure to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of them leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

70. Pursuant to California Labor Code section 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than

thirty (30) days.

71.     Plaintiff and the other class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code section 226, subdivision (a))**

**(Against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100)**

72.     Plaintiff incorporates and re-alleges each paragraph above as though set forth herein.

73.     Pursuant to California Labor Code section 226, subdivision (a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

74.     Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies included one or more of the following: the failure to include the correct total number of hours worked by Plaintiff and the other class members and the failure to include the correct hourly rate.  By way of example, the wage statement pertaining to the workweek of August 7, 2017 failed to include all hours worked by Plaintiff and the other class members pre- and post-shift.  This occurred throughout the entirety of the class period.

75.     As a result of Defendants' violation of California Labor Code section 226, subdivision (a),

Plaintiff and the other class members experienced actual injury because it: (1) resulted in the non-payment of wages; (2) deprived Plaintiff and the other class members of the information necessary to identify discrepancies in Defendant's reported data; (3) created confusion over whether they received all wages owed to them; (4) created difficulty and expense involved in reconstructing pay records; (5) forced Plaintiff and the other class member to make mathematical computations to analyze whether the wages paid in fact properly compensated them; and (6) failed to include "the *hours worked* . . . [which] give[s] rise to the inference of injury." Maldonado v. Epsilon Plastics, Inc., 22 Cal. App. 5th 1308, 1337 (Ct. App. 2018), review denied (Aug. 22, 2018) (italics in original).

### SIXTH CAUSE OF ACTION

### (Violation of California Business & Professions Code sections 17200 et seq.)

### (Against Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and DOES 1 through 100)

76. Plaintiff incorporates and re-alleges each paragraph above as though set forth herein.

77. Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors. Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

78. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

79. A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.

### Failing to Provide Meal Periods

80. Defendants' failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### Failure to Provide Rest Periods

81. Defendants' failure to provide legally required rest periods in violation of the Wage Orders

and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Pay Minimum Wages

82. Defendants' failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### Failure to Provide Compliant Wage Statements

83. Defendants' failure to provide compliant wage statements in violation of California Labor Code section 226, subdivision (a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, jointly and severally, prays for relief as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

6. That the court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

7. For all actual, consequential, and incidental losses and damages, according to proof;

8. For premium wages pursuant to California Labor Code section 226.7, subdivision (b);

9. For pre-judgment interest on any unpaid wages from the date such amounts were due;

10. For reasonable attorneys' fees and costs of suit incurred herein; and

11. For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

12. That the court declare, adjudge, and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

13. That the court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

14. For all actual, consequential, and incidental losses and damages, according to proof;

15. For premium wages pursuant to California Labor Code section 226.7, subdivision (b);

16. For pre-judgment interest on any unpaid wages from the date such amounts were due;

17. For reasonable attorneys' fees and costs of suit incurred herein; and

18. For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

19. That the court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

20. For general unpaid wages and such general and special damages as may be appropriate;

21. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

22. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

23. For reasonable attorneys' fees and costs of suit incurred herein; and

24. For liquidated damages pursuant to California Labor Code section 1194.2; and

25. For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

26. That the court declare, adjudge, and decree that Defendants violated California Labor Code

17

sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

27. For all actual, consequential, and incidental losses and damages, according to proof;

28. For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

29. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

30. For reasonable attorneys' fees and costs of suit incurred herein; and

31. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

32. That the court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226, subdivision (a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

33. For actual, consequential and incidental losses and damages, according to proof;

34. For statutory penalties pursuant to California Labor Code section 226, subdivision (e);

35. For reasonable attorneys' fees and costs of suit incurred herein; and

36. For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

37. That the court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq.

38. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

39. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

40. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

41. For reasonable attorneys' fees and costs of suit incurred herein; and

42. For such other and further relief as the court may deem just and proper.

Date: April 14, 2020                                **PARRIS LAW FIRM**

By: _____/s/ Ryan A. Crist_____
     Ryan A. Crist
     Attorneys for Plaintiff
     and the Putative Class

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of other members of the general public similarly situated, hereby demands a trial by a jury.

Date: April 14, 2020                    **PARRIS LAW FIRM**

By: _____*/s/ Ryan A. Crist*_____
Ryan A. Crist
Attorneys for Plaintiff
and the Putative Class