1

2

3                    **UNITED STATES DISTRICT COURT**

4                    **EASTERN DISTRICT OF CALIFORNIA**

5

6   **CHARLES BATES, an individual, on**          **CASE NO. 2:20-CV-00700 AWI BAM**
    **behalf of himself and all members of the**
7   **putative class,**

8                  **Plaintiff**                   **ORDER ON DEFENDANTS' MOTION**
                                                    **TO DISMISS AND/OR STRIKE**
                                                    **PLAINTIFF'S FOURTH, FIFTH, AND**
9                    **v.**                         **SIXTH CAUSES OF ACTION**

10  **LEPRINO FOODS COMPANY, a**
    **Colorado Corporations; LEPRINO**
11  **FOODS DAIRY PRODUCTS COMPANY,**             (Doc. No. 11)
    **a Colorado Corporation; and DOES 1**
12  **through 100, inclusive,**

13                 **Defendants**

14

15

16        In this wage-and-hour class action, Plaintiff Charles Bates alleges that his former

17  employers, Defendants Leprino Foods Company and Leprino Foods Dairy Products Company

18  (collectively "Leprino"), are liable for violations of the California Labor Code and California's

19  unfair competition law.  The action currently proceeds on Bates's First Amended Complaint

20  ("FAC"), which was filed after Leprino removed the case to federal court.  Doc. Nos. 1, 7.

21  Leprino now moves to dismiss or strike portions of Bates's waiting time, wage statement, and

22  unfair competition causes of action.  Doc. No. 11.  After review, Leprino's motion will be granted

23  in part and denied in part.

24

25                              **BACKGROUND**

26        From the FAC, Bates was employed by Leprino as a non-exempt or hourly-paid employee

27  until his resignation on February 27, 2018.  FAC ¶ 10.  The putative class is described as "[a]ll

28  current and former hourly-paid or non-exempt California based employees employed by

1    Defendants at their Tracy, California facility within the State of California at any time during the

2    period from February 28, 2016 to the date of certification." FAC ¶ 37.

3         At the heart of this action, Bates alleges that Leprino "regularly and consistently failed to

4    compensate Plaintiff and the other class members for all hours worked." FAC ¶ 31.  Bates

5    specifically describes required yet uncompensated pre- and post-shift work activities such as

6    donning and doffing protective gear, walking to and from production lines, and "be[ing] available

7    for contact after working hours to answer work related questions, including where tools were

8    located, the status of equipment, staffing issues, and more." FAC ¶ 17.  He further alleges that

9    Leprino did not provide ten-minute rest periods free of work activities because, in part, Leprino's

10   policies required "lengthy walks to rest areas" and allowed for employer contact in the breakrooms

11   "via telephone, intercoms, and in person." FAC ¶ 18.  Similarly, Bates alleges that Leprino failed

12   to provide thirty-minute meal periods free of work activities, describing the same long walks and

13   absence of breakroom contact, as well as required discussions of "work activities with supervisory

14   personnel" during the purported breaks. FAC ¶ 19.  Bates adds that, during both the meal and rest

15   periods, he and other class members were required "to respond to their supervisor and fellow

16   workers' questions and follow their supervisors' instructions." FAC ¶ 20.

17        From these allegations, Bates asserts six causes of action:

18        1.   Failure to provide meal periods or compensation in lieu thereof, in violation of

19             California Labor Code § 226.7 and California Industrial Welfare Commission ("IWC")

20             Wage Orders;

21        2.   Failure to provide rest periods or compensation in lieu thereof, in violation of

22             California Labor Code § 226.7 and IWC Wage Orders;

23        3.   Failure to pay minimum wages, in violation of California Labor Code §§ 1194, 1197,

24             and 1197.1;

25        4.   Failure to pay all earned and unpaid wages at the time of termination of employment,

26             in violation of California Labor Code §§ 201 and 202;

27        5.   Failure to provide accurate itemized wage statements, in violation of California Labor

28             Code § 226; and

1   6. Violation of California's unfair competition law ("UCL") under California Business &

2     Professions Code § 17200, et seq.[1]

3 FAC pp. 10-19.

4   Leprino now moves to dismiss or strike portions of the latter three causes of action—i.e.,

5 Bates's waiting time, wage statement, and UCL claims.[2]  While Leprino does not directly

6 challenge the first three causes of action (meal period, rest period, and minimum wage violations),

7 those causes of action are still relevant here because the challenged causes of action are derivative

8 of Bates's first three claims.

9

10             **RULE 12(b)(6) STANDARD**

11   Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a

12 plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

13 Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

14 absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar,

15 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116,

16 1121–22 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material

17 fact are taken as true and construed in the light most favorable to the non-moving party.  Mollett v.

18 Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015) (quoted source omitted); Marceau v. Blackfeet

19 Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008).  However, complaints that offer no more than

20 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

21

[1] The UCL generally prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code
22 § 17200.

[2] Leprino labels its motion as a "Motion to Dismiss and/or Strike," and asserts that portions of Bates's causes of action
23 can be either dismissed through Rule 12(b)(6) for failure to state a claim or stricken through Rule 12(f) as immaterial
matter.  For purposes of Rule 12(f), immaterial matter is defined as matter that has "no essential or important
24 relationship to the claim for relief or the defenses being plead."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th
Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoted source omitted).  Leprino does not explain how any
25 claims or allegations are immaterial under this definition.  Rather, Leprino insists across multiple arguments that
Bates's claims cannot stand to the extent they seek relief that is precluded as a matter of law—that is, Leprino seeks to
26 have certain claims for relief affirmatively defeated.  However, Rule 12(f) is an improper vehicle for a motion that is
"really an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment against [the
27 pleading party] as to those portions of the suit."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir.
2010).  Instead, these are "actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f)
28 motion."  Id.  Given *Whittlestone*'s warning against improper uses of a Rule 12(f), and the arguments actually made
by Leprino, the Court will analyze Leprino's motion solely as a Rule 12(b)(6) motion.

1 do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Fed. Home Loan Mortg. Corp., 793

2 F.3d 1005, 1008 (9th Cir. 2015).  The Court is "not required to accept as true allegations that

3 contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or

4 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

5 inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254

6 (9th Cir. 2013).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual

7 content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

8 entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.2d 962, 969 (9th Cir. 2009)

9 (quoting Iqbal, 556 U.S. at 678).  If a motion to dismiss is granted, "a district court should grant

10 leave to amend even if no request to amend the pleading was made, unless it determines that the

11 pleading could not possibly be cured by the allegation of other facts." Henry A. v Willden, 678

12 F.3d 991, 1005 (9th Cir. 2012) (quoted source omitted).

13

14                                                    **DISCUSSION**

15            Broadly, Leprino challenges Bates's waiting time, wage statement, and UCL causes of

16 action in the same way.  Leprino contends that these claims must be dismissed in so far as they are

17 based on Bates's claims under California Labor Code § 226.7 for meal and rest period violations.

18 Leprino does not challenge the § 226.7 claims themselves, only Bates's derivative claims.  Bates

19 disagrees with Leprino's theory:  namely, he acknowledges the challenged claims are derivative,

20 but asserts that their being so does not run afoul of the applicable law.  While a common question

21 runs through most of the parties' arguments, the challenged claims will be considered in order to

22 determine whether dismissal is warranted pursuant to each of Leprino's arguments.

23

24            **A.      Fourth Cause of Action:  Waiting Time Claim**

25            *General Legal Framework*

26            California law requires wages to be paid in a timely manner at an employee's separation.

27 "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are

28 due and payable immediately." Cal. Labor Code § 201(a).  Likewise, when an employee without a

                                                          4

1   written contract for a definite period quits, "his or her wages shall become due and payable not

2   later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her

3   intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

4   Cal. Labor Code § 202(a).  Where an employer willfully fails to comply with §§ 201 and 202 upon

5   an employee's separation, "the wages of the employee shall continue as a penalty from the due

6   date thereof at the same rate until paid or until an action therefor is commenced; but the wages

7   shall not continue for more than 30 days."  Cal. Labor Code § 203(a).  Penalties under § 203 are

8   also known as "waiting time penalties."  Mamika v. Barca, 68 Cal. App. 4th 487, 489 (1998).

9          *Allegations*

10          Bates alleges that Leprino failed to timely pay him and other class members their earned

11   and unpaid wages when they left Leprino's employ.  He specifically alleges that he "did not

12   receive a final check within 72 hours" upon his separation and that Leprino failed to provide him

13   with "a final check with payment for all the time he spent working off-the-clock or during meal

14   and rest breaks."  FAC ¶ 68.

15          *Contentions & Resolution*

16          Leprino contends that Bates's claim must be dismissed to the extent it is derivate of his

17   meal and rest period claims under § 226.7—i.e., Bates's first and second causes of action, which

18   Leprino does not challenge here.  Leprino argues that any relief awarded for a § 226.7 violation

19   constitutes a "penalty" imposed against the employer, not "wages" owed to the employee for labor

20   performed.  And because § 226.7 relief does not constitute wages, Leprino continues, it also

21   cannot be used to support a waiting time claim under § 203 for the failure to timely pay such

22   amounts upon an employee's separation.  Bates makes the opposite case, contending that a § 226.7

23   violation is remedied by ordering an employer to pay wages that in turn can be the subject of a

24   claim under § 203.

25          Under California law, an employer that fails to provide an employee with a legally

26   compliant meal or rest period is required to pay the employee "one additional hour of pay at the

27   employee's regular rate of compensation for each workday that the meal or rest . . . period is not

28   provided."  Cal. Labor Code § 226.7(c).  The question of whether these ordered payments

5

1  constitute wages or penalties for purposes of a waiting time claim is not a novel one.  In fact, this

2  question has arisen before this Court in other wage-and-hour class actions that have been filed

3  against the same defendants.  See Finder v. Leprino Foods Co., No. 1:13-cv-2059-AWI-BAM,

4  2015 WL 1137151 (E.D. Cal. Mar. 12, 2015); Perez v. Leprino Foods Co., No. 1:17-cv-686-AWI-

5  BAM, 2017 WL 26228249, at *3 (E.D. Cal. June 16, 2017).

6        In the related *Finder* action, this Court thoroughly examined the lack of judicial consensus

7  on whether § 226.7 payments can support waiting time and wage statement claims under

8  California Labor Code §§ 203 and 226 respectively.  Finder, 2015 WL 1137151, at *3-8.

9  Acknowledging "[t]here is no clear answer" from conflicting decisions of the district courts of

10  California, this Court determined that § 226.7 payments should qualify as wages that are governed

11  by the requirements of the waiting time and wage statement statutes.  Id. at *5, *8.  Without

12  rehashing an identical survey of conflicting precedent here, it suffices to note that this Court relied

13  on the California Supreme Court's decision in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.

14  4th 1094 (2007).  Finder, 2015 WL 1137151, at *5.

15        In *Murphy*, the court considered the nature of § 226.7 payments for purposes of

16  determining the applicable limitations period for a claim under the statute.  Murphy, 40 Cal. 4th at

17  1110.  After examining the language, legislative history, and purpose of § 226.7, *Murphy*

18  concluded that "the 'additional hour of pay' is a premium wage intended to compensate

19  employees, not a penalty."  Id. at 1114.  While seemingly straightforward, much confusion has

20  arisen after the California Supreme Court later held that, for purposes of awarding attorney's fees

21  for the nonpayment of wages, "a section 226.7 claim is not an action brought for nonpayment of

22  wages; it is an action brought for non-provision of meal or rest breaks."  Kirby v. Immoos Fire

23  Protection, Inc., 53 Cal. 4th 1244, 1257 (2012) (discussing Cal. Labor Code § 218.5).  Although

24  *Kirby* and *Murphy* seem to contradict each other, the *Kirby* court explained its instant decision was

25  "not at odds with our decision in *Murphy*."  Id.  Instead, the California Supreme Court explained,

26  *Murphy* determined the remedy for a § 226.7 violation is a wage, and *Kirby* determined the legal

27  violation triggering that remedy is the failure to provide a meal or rest period, not the nonpayment

28  of wages.  Id.  This explanation notwithstanding, neither *Murphy* nor *Kirby* squarely addressed

1  whether § 226.7 payments can support a derivative claim, and federal courts have inconsistently

2  interpreted those decisions to answer that question ever since.  Finder, 2015 WL 1137151, at *4,

3  *8 (collecting cases).

4         After reviewing the "confusing" authority, this Court concluded that *Murphy* was the more

5  directly relevant precedent for the issue at hand.  Id. at *5, *8.  Whereas *Kirby* was concerned with

6  characterizing the § 226.7 claim itself, *Murphy* focused exclusively on the nature and

7  characterization of the relief for that claim.  Resolving whether a § 226.7 violation can support a

8  derivative claim (such as a waiting time cause of action) is dependent on the characterization of

9  that relief.  *Murphy* determined the relief constituted wages, and *Kirby* left that determination

10  untouched.  Therefore, this Court followed suit by concluding that § 226.7 payments or

11  "premiums" constitute wages that can support a waiting time claim under § 203.  Finder, 2015 WL

12  1137151, at *8.

13        The Court later granted the *Finder* defendants' request to seek interlocutory appeal on the

14  issue of the appropriate characterization of § 226.7 premiums.  Finder v. Leprino Foods Co., No.

15  1:13-cv-02059 AWI-BAM, 2016 WL 405833 (E.D. Cal. Aug. 1, 2016).  At the moment, the action

16  remains before the Ninth Circuit where it has twice been stayed pending decisions from the

17  California Supreme Court.  See Finder v. Leprino Foods Co., No. 16-16903 (9th Cir. filed Oct. 20,

18  2016).

19        In the first of those expected decisions, the California Supreme Court agreed to address the

20  issue through a certified question from the Ninth Circuit.  Stewart v. San Luis Ambulance, Inc.,

21  878 F.3d 883, 887–88 (9th Cir. 2017); Stewart v. San Luis Ambulance, Inc., No. S246255 (Cal.

22  Mar. 28, 2018) (granting certification request).  But the California Supreme Court ultimately

23  dismissed its consideration of the certified question after passage of a state ballot measure

24  regarding rest breaks for emergency medical technicians left the issue moot.  Stewart v. San Luis

25  Ambulance, Inc., Docket, No. S246255 (Cal. Sept. 18, 2019) (dismissing consideration).  The

26  second expected decision is the California Supreme Court's still-pending review in Naranjo v.

27  Spectrum Security Services, Inc., 40 Cal. App. 5th 444 (2019), review granted, 455 P.3d 704 (Jan.

28  2, 2020).

1    Here, the parties disagree with how the Court should handle the California Court of

2 Appeal's decision in *Naranjo*.  Leprino correctly points out that *Naranjo*'s holding supports its

3 position:  *Naranjo* expressly held that premiums under § 226.7 are not wages for the employee's

4 labor, work or service, but rather a penalty for the employer's recalcitrance.  40 Cal. App. 5th at

5 473.  "Read this way, an employer's failure, however willful, to pay section 226.7 statutory

6 remedies does not trigger section 203's derivative penalty provisions for untimely wage

7 payments."  Id. at 473–74.  Bates acknowledges *Naranjo*, but asks the Court to avoid dismissing

8 his § 203 claim as impermissibly derivative in light of the California Supreme Court's pending

9 review of the lower court decision.  Bates also points out that his waiting time claim is not wholly

10 derivative, noting it "is also predicated on the failure to pay minimum wages—not just meal and

11 rest breaks."

12    While the California Supreme Court's review in *Naranjo* is pending, the court of appeal's

13 decision (although not ordered de-published by the California Supreme Court) "has no binding or

14 precedential effect, and may be cited for potentially persuasive value only."  Cal. R. Ct.

15 8.1115(e)(1).  With that in mind, the Court declines to adopt the California Court of Appeal's

16 rationale in *Naranjo*.  Instead, the Court will continue to adhere to its previous determination in

17 *Finder* that § 226.7 premiums constitute wages that are subject to the statutory framework for

18 waiting time penalties.  Finder, 2015 WL 1137151, at *8.  Unless and until either the Ninth

19 Circuit, the California Supreme Court, or a published California Court of Appeal opinion not

20 subject to California Rule of Court 8.1115(e)(1) reaches a contrary result, the Court will not

21 deviate from *Finder*.  Accordingly, Leprino's motion to dismiss Bates's fourth cause of action to

22 the extent it is derivative of his meal and rest period claims will be denied.

23    It is worth noting that even if § 226.7 premiums are not wages for purposes of a waiting

24 time claim, the parties would still have to further litigate the fourth cause of action.  In the related

25 *Perez* case, this Court declined to stay the action—as was done in *Finder*—because the plaintiff's

26 claims were not "wholly derivative of [the] argument that unpaid meal period premiums should be

27 treated as unpaid wages."  Perez, 2017 WL 26228249, at *3.  The same is true here.  Bates

28 supports his waiting time claim with allegations that Leprino failed to pay minimum wages and

8

1   failed to pay for pre- and post-shift activities.  Leprino does not challenge these premises, nor has

2   it challenged Bates's underlying meal and rest period claims under § 226.7.  Thus, even though

3   review in *Naranjo* remains pending, this litigation will proceed largely as it otherwise would.  If

4   the California Supreme Court reaches a conclusion in *Naranjo* that invalidates the conclusions in

5   *Finder*, Leprino may file a motion for reconsideration based on *Naranjo*.

6

7        **B.        Fifth Cause of Action:  Wage Statement Claim**

8        *General Legal Framework*

9        Under California law, an employer must provide to every employee

10       an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
         worked by the employee . . . , (3) the number of piece-rate units earned and any applicable
11       piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all
         deductions made on written orders of the employee may be aggregated and shown as one
12       item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is
         paid, (7) the name of the employee and only the last four digits of his or her social security
13       number or an employee identification number other than a social security number, (8) the
         name and address of the legal entity that is the employer . . . , and (9) all applicable hourly
14       rates in effect during the pay period and the corresponding number of hours worked at each
15       hourly rate by the employee . . . .

16  Cal. Labor Code § 226(a).  An employee who has suffered injury as a result of his or her

17  employer's knowing and intentional failure to comply with these requirements may recover the

18  greater of all actual damages or certain statutory penalties.  Cal. Labor Code § 226(e)(1).  While

19  § 226(a) requires provision of nine categories of information, it elsewhere narrows the set of

20  circumstances in which a wage statement injury will be presumed:

21       An employee is deemed to suffer injury for purposes of this subdivision if the employer
         fails to provide accurate and complete information as required by any one or more of items
22       (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily
23       determine from the wage statement alone one or more of the following:

24            (i) The amount of the gross wages or net wages paid to the employee during the
         pay period or any of the other information required to be provided on the itemized wage
25       statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

26  Cal. Labor Code § 226(e)(2)(B).

27       *Allegations*

28       Bates alleges that Leprino "intentionally and willfully failed to provide Plaintiff and the

1  other class members with complete and accurate wage statements." FAC ¶ 74.  He specifically

2  alleges that "[t]he deficiencies included one or more of the following: the failure to include the

3  correct total number of hours worked by Plaintiff and the other class members and the failure to

4  include the correct hourly rate." FAC ¶ 74.  For his alleged injury, Bates seeks "actual,

5  consequential and incidental losses and damages," as well as "statutory penalties pursuant to

6  California Labor Code section 226, subdivision (e)." FAC p. 18, ¶¶ 33–34.

7       *Contentions & Resolution*

8       Leprino raises three challenges to Bates's wage statement claim.

9       First, Leprino argues, and Bates concedes (Doc. No. 12 at 4.), that his request for statutory

10  penalties is barred by the one-year statute of limitations under California Civil Procedure Code

11  § 340(a) ("An action upon a statute for a penalty or forfeiture"). Falk v. Children's Hosp. L.A.,

12  237 Cal. App. 4th 1454, 1469 (2015) (explaining claims for wage statement penalties are subject

13  to the one-year limitations period under § 340).  Bates alleges that his employment with Leprino

14  concluded on February 27, 2018; however, he did not file his lawsuit until February 28, 2020.

15  Because the relief is time barred, dismissal of the demand for statutory penalties under Bates's

16  wage statement claim is appropriate.

17       Second, Leprino argues that Bates's claim must be dismissed to the extent it is derivative

18  of his meal and rest period claims under § 226.7.  In the FAC, Bates does not directly seek a

19  derivative claim of this kind, but instead provides an example of a deficient wage statement that

20  "failed to include all hours worked by Plaintiff and the other class members pre- and post-shift."

21  FAC ¶ 74.  But in so far as Bates's claim is based on defective wage statements arising from his

22  meal and rest period claims, this issue falls into the same framework discussed above with his

23  waiting time claim.  Once more, this issue boils down to whether § 226.7 premiums for meal or

24  rest period violations constitute wages or penalties, with only the former characterization

25  supporting a wage statement claim under § 226.

26       Like the issue above, in *Naranjo*, the California Court of Appeal determined § 226.7

27  premiums are penalties, not wages, which in turn forecloses recovery under § 226 for wage

28  statements that do not include these amounts.  40 Cal. App. 5th at 474.  But this too remains only

1  persuasive authority so long as the California Supreme Court's review of the matter continues.

2  Cal. R. Ct. 8.1115(e)(1).  Until a decision is rendered there, this Court will stand by its conclusion

3  in *Finder* that "Section 226.7 premiums constitute wages, and are therefore required to be included

4  in wage statements under Section 226."  <u>Finder</u>, 2015 WL 1137151, at *5.  Thus, dismissal of the

5  wage statement claim based on *Naranjo* is inappropriate.

6        Third, Leprino asserts that Bates's claim contradicts the California Court of Appeal's

7  rejection of derivative wage statement claims in *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App.

8  5th 1308 (2018).  Bates disagrees with this reading of *Maldonado* and contends that the court of

9  appeal did not foreclose wage statement claims based on an employer's failure to include the

10  correct number of total hours worked on wage statements.  Bates is correct.

11        In *Maldonado*, the court reversed an award of statutory penalties where the plaintiffs had

12  argued that their wage statements failed to include accurate information as to the wages earned

13  because some of the hours worked should have been paid at a higher overtime rate.  22 Cal. App.

14  5th at 1334.  Significantly, the plaintiffs did not dispute that the wage statements accurately

15  reflected the total hours worked, the applicable hourly rates of pay, and the wages actually

16  received.  <u>Id.</u> at 1334 n.14, 1336 (noting the plaintiffs had not suggested "the wage statements

17  were inaccurate due to time clock rounding or the fact that the meal period was simply included in

18  12 hours of paid work, rather than separately itemized").  Given this, the *Maldonado* court agreed

19  with the employer's argument that the plaintiffs had not shown they suffered a wage statement

20  injury, as is required under § 226(e)(1) for a wage statement claim.  <u>Id.</u> at 1336.  This conclusion

21  was based in large part on the language and nature of the statutory presumption of injury under

22  § 226(e)(2)(B)(i).  Parsing the relevant statutory text, the court emphasized that reporting

23  inaccuracies regarding "gross wages earned" and "net wages earned" under § 226(a)(1) and (5) are

24  not amongst the categories of information where wage statement injury is presumed under

25  § 226(e)(2)(B)(i).  <u>Id.</u> at 1336.  The court distinguished this situation from those with inaccurate or

26  incomplete reporting of "total hours worked" and "number of hours worked at each hourly rate"

27  under § 226(a)(2) and (a)(9), both of which produce a presumption of injury.  <u>Id.</u>  The court

28  recognized this distinction as an intentional legislative choice:

1
2
3
4
5
6
7

There is a [sic] clearly a significance to the Legislature's decision that injury is not presumed when a wage statement fails to include wages "earned" but is presumed when the wage statement fails to include hours "worked at" a particular rate.  The difference, we believe, is to account for precisely this situation—where at the time the work was performed, the *work was done* and paid for *at a particular rate*, but it was subsequently determined that the employee had actually *earned* the right to additional compensation. Wage statements should include the hours *worked* at each rate and the wages *earned*.  In a perfect world, the first numbers will calculate out to the second.  But when there is a wage and hour violation, the hours worked will differ from what was truly earned.  *But only the absence of the hours worked will give rise to an inference of injury; the absence of accurate wages earned will be remedied by the violated wage and hour law itself, as is the case here.*

8   Id. at 1336-37 (final emphasis added).

9      Here, in contrast to *Maldonado*, Bates specifically alleges that Leprino failed to include the

10  "correct total number of hours worked" and the "correct hourly rate" within wage statements.

11  FAC ¶ 74.  This information is required under § 226(a)(2) and (a)(9) and entitled to a presumption

12  of injury under § 226(e)(2)(B)(i).  *Maldonado* did not foreclose claims of this kind—it did

13  precisely the opposite by signaling such claims are amongst those that can survive on a

14  presumption of injury.  See Kastler v. Oh My Green, Inc., No. 19-CV-02411-HSG, 2019 WL

15  5536198, at *9 (N.D. Cal. Oct. 25, 2019); Castillo v. Bank of Am. Nat'l Ass'n, No. SA CV 17-

16  0580-DOC, 2019 WL 7166055, at *8 (C.D. Cal. Oct. 29, 2019).  Therefore, *Maldonado* does not

17  compel dismissal of Bates's wage statement claim.

18

19      **C.     Sixth Cause of Action:  Unfair Competition Law**

20      *Allegations*

21      Bates alleges that Leprino engaged in "unlawful business practices" based on its failures to

22  comply with the meal period and rest period requirements of California Labor Code § 226.7 and

23  IWC Wage Orders (claims 1 and 2); the minimum wage requirements of California Labor Code

24  §§ 1194, 1197, 1197.1 and IWC Wage Orders (claim 3); and the accurate wage statement

25  requirements of California Labor Code § 226 (claim 5).  FAC pp. 15-16.  Bates seeks restitution of

26  unpaid wages and injunctive relief to ensure Leprino's compliance with the UCL.  FAC p. 18,

27  ¶¶ 38, 40.

28      *Contentions & Resolution*

12

1    Leprino argues that Bates's UCL claim fails to the extent it is derivative of his meal period,

2 rest period, and wage statement claims because relief under any of those claims cannot be

3 recovered as restitution under the UCL.[3]  Bates argues the opposite is true.

4    Under the UCL, remedies are "generally limited to injunctive relief and restitution."  Clark

5 v. Superior Ct., 50 Cal. 4th 605, 610 (2010) (quoted source omitted).  In this context, restitution is

6 considered "the return of money or other property obtained through an improper means to the

7 person from whom the property was taken."  Id. at 615.  It is aimed at "restor[ing] the status quo

8 by returning to the plaintiff funds in which he or she has an ownership interest."  Id. (quoted

9 source omitted).  In this sense, unpaid wages are generally recoverable under the UCL because

10 they "are as much the property of the employee who has given his or her labor to the employer in

11 exchange for that property as is property a person surrenders through an unfair business practice."

12 Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178 (2000) (concluding unpaid

13 overtime wages are recoverable under the UCL as restitution).  In contrast to restitution, under the

14 UCL a "penalty" constitutes "a recovery 'without reference to the actual damages sustained . . . .'"

15 Clark, 50 Cal. at 615 (internal marks and quoted source omitted).  It is well accepted that certain

16 violations of the Labor Code result in penalties that are not recoverable as restitution under the

17 UCL.  See, e.g., Pineda v. Bank of Am., N.A., 50 Cal. 4th 1389, 1401-02 (2010) (concluding

18 waiting time penalties under § 203 cannot be recovered as restitution).

19    Leprino's argument as to restitution for meal and rest period violations once again turns on

20 whether § 226.7 premiums are considered wages or penalties.  Consistent with the analysis above,

21 this Court will continue to rely on *Finder* and the California Supreme Court's holding in *Murphy*

22 that the remedy for a § 226.7 violation "is a premium wage intended to compensate employees,

23 not a penalty."  40 Cal. 4th at 1115.  Thus, to the extent Bates's claim is based on § 226.7

24 premiums for meal and rest break violations, these amounts are recoverable under the UCL as

25 restitution for unpaid wages.  Accordingly, Leprino's motion must be denied on this point.

26    But Leprino's argument against Bates's UCL claim based on his derivative wage statement

27

28 [3] Leprino also argues that Bates's UCL claim fails to the extent he seeks restitution for a waiting time claim under California Labor Code § 203.  Bates responds, and is correct in noting, that he does not seek such relief in his FAC.

1    claim is different.  Because his demand for penalties under § 226 must be dismissed as time-

2    barred, Bates is now only seeking relief for his actual damages resulting from a wage statement

3    injury.  Actual damages are not recoverable under the UCL.  Clark, 50 Cal. 4th at 615.  And even

4    if Bates's demand for § 226 penalties was not time-barred, it is well recognized that penalties for

5    wage statement violations are not recoverable under the UCL as they are not restitutionary.  See

6    Gomez v. J. Jacobo Farm Labor Contractor, Inc., 334 F.R.D. 234, 267-68 (E.D. Cal. 2019)

7    (collecting cases).  Therefore, to the extent the sixth cause of action seeks recovery of restitution

8    for a wage statement violation under § 226, dismissal is appropriate.  See id.

9

10                                                    **ORDER**

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.      Leprino's motion (Doc. No. 11) is GRANTED in part as follows:

13                  a.      Bates's request for statutory penalties under the fifth cause of action is

14                          DISMISSED with prejudice;

15                  b.      Bates's request for restitution based on violations of California Labor Code

16                          § 226 under the sixth cause of action is DISMISSED with prejudice;

17          2.      Leprino's motion is otherwise DENIED;

18          3.      Within twenty-one (21) days of service of this order, Leprino shall file an answer;

19          4.      Upon the filing of Leprino's answer, the parties shall promptly contact the

20                  Magistrate Judge for the purpose of setting a scheduling conference date.

21

22    IT IS SO ORDERED.

23    Dated:    October 30, 2020                 _____
                                                 SENIOR  DISTRICT  JUDGE

24

25

26

27

28

                                                      14