# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES BATES**, an individual, on behalf of himself and all members of the putative class<br><br>**Plaintiff**<br><br>v.<br><br>**LEPRINO FOODS COMPANY**, a Colorado Corporation; **LEPRINO FOODS DAIRY PRODUCTS COMPANY**, a Colorado Corporation; and **DOES 1–100**, inclusive,<br><br>**Defendants** | CASE NO. 2:20-CV-00700-AWI-BAM<br><br>**ORDER ON PLAINTIFF'S MOTION TO SUBSTITUTE AND AMEND FIRST AMENDED COMPLAINT**<br><br>(Doc. No. 40) |

Pending before the Court is Plaintiff Charles Bates' Motion to Substitute Class Representative which seeks to amend the First Amended Complaint by substituting Fred Walter in for Bates as the putative class representative.[1] Doc. No. 40.

---

[1] Also pending before the Court is Defendants' motion for leave to file a sur-reply in support of their opposition to Plaintiff's motion to substitute. Doc. No. 48. Defendants claim Plaintiff's Reply brief presents new arguments, i.e., an "argument relying on cases where a putative class member files a motion to intervene" and "an argument about the asserted significance of the Court having granted class certification in another class action against Leprino in *Howell v. Leprino Foods Company, et al.*, Case No. 1:18-cv-01404-AWI-BAM." Doc. No. 48 at 2:4-10. The Court generally views such motions with disfavor. Willard v. Neibert, 2016 U.S. Dist. LEXIS 166201, *4 (E.D. Cal. Dec. 1, 2016). District courts have the discretion to either permit or preclude a sur-reply, and this discretion should be exercised in favor of allowing a sur-reply "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 U.S. Dist. LEXIS 29357, *2 (E.D. Cal. Nov. 8, 2005). Here, the Court finds that a sur-reply is not necessary. First, the alleged "new argument" that Leprino alludes to cites multiple cases that did not involve a motion to intervene. E.g., Aguilar v. Boulder Brands, Inc., 2014 U.S. Dist. LEXIS 122822, *2 (S.D. Cal. Sep. 2, 2014) (involving plaintiff's motion for leave to amend complaint to substitute putative class representative). Additionally, the Reply's argument that cites these cases was presented to rebut Leprino's contention that courts in the Ninth Circuit generally decline to replace a named plaintiff pre-certification. Second, the Court agrees that the Reply's reference to this Court's certification of the class in *Howell* raises an improper new argument. The Court certified the *Howell* class on March 23, 2022, and Plaintiff filed his Motion to Substitute approximately twelve days later on April 4, 2022. Plaintiff had an opportunity to discuss *Howell* in his opening motion but did not do so. Therefore, the Court will not consider the Reply's *Howell* argument while reviewing Plaintiff's Motion to Substitute. See JG v. Douglas Cty. Sch. Dist., 552 F.3d 786, 805 (9th Cir. 2008) (finding that district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply). Accordingly, the Court finds that a sur-reply is unnecessary and will deny Leprino's request.

1  Plaintiff initiated the underlying action by filing a Class Action Complaint in San Joaquin
2  County Superior Court on February 28, 2020.  Doc. No. 1.  Defendants Leprino Foods Company
3  and Leprino Foods Dairy Products Company (collectively, "Leprino") removed the matter to this
4  Court, id., and filed a Motion to Dismiss the Complaint.  Doc. No. 6.  Plaintiff thereafter filed a
5  First Amended Complaint which narrowed the scope of the lawsuit to Defendants' facility in
6  Tracy, California.  Doc. No. 7.  After Defendants filed a Motion to Dismiss Plaintiff's First
7  Amended Complaint, the Court dismissed Plaintiff's request for statutory penalties and restitution
8  based on violations of California Labor Code § 226.  Doc. No. 25.  On December 16, 2020, the
9  Court issued a Preliminary Scheduling Order stating "All stipulated amendments or motions to
10 amend shall be filed by July 1, 2021."  Doc. No. 31.
11  On February 4, 2022, Plaintiff filed a Motion for Class Certification naming Bates as the
12 putative Class representative.  Doc. No. 32.  Shortly thereafter the parties began discussions to
13 schedule Bates' deposition.  Doc. No. 45 at 7-8.  Bates was unable to provide an available
14 deposition date because he allegedly "secured new employment with a strict schedule."  Doc. No.
15 40 at 2, Szeto Decl. at 1–3.  On April 4, 2022, Plaintiff filed the instant Motion to Substitute Class
16 Representative, seeking to substitute Fred Walter in place of Bates and to amend the scheduling
17 order by extending Defendants' deadline to file an Opposition to Plaintiff's class certification
18 motion and, in turn, Plaintiff's deadline to file a Reply to Defendants' Opposition.  Doc. No. 40.
19 On April 8, 2022, the Court found good cause to modify the Preliminary Scheduling Order and set
20 Defendants' Opposition deadline to 45 days from service of a ruling on Plaintiff's Motion to
21 Substitute Class Representatives, and Plaintiff's Reply deadline to 90 days from the date of filing
22 of Defendants' Opposition.  Doc. No. 43.
23
24  **LEGAL STANDARD**
25  A party seeking to amend a pleading after a date specified in a scheduling order must first
26 show "good cause" for amendment under Fed. R. Civ. P. 16(b), and then, if "good cause" is
27 shown, the party must demonstrate that amendment is proper under Fed. R. Civ. P. 15.  Johnson v.
28 Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992); United States ex rel. Terry v. Wasatch

1  Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018).  "A court's evaluation of good cause
2  [under Rule 16] is not coextensive with an inquiry into the propriety of the amendment under . . .
3  Rule 15."  Johnson, 975 F.2d at 609.

4       Rule 16's "good cause" standard primarily considers the "diligence of the party seeking the
5  amendment."  Id.  The district court may modify the pretrial schedule if the schedule "cannot
6  reasonably be met despite the diligence of the party seeking the extension."  Id.  Carelessness is
7  not compatible with a finding of diligence and offers no reason for a grant of relief.  Id.  The focus
8  of the inquiry is upon the moving party's reasons for seeking modification.  Id.  District courts
9  have "broad discretion to manage discovery and to control the course of litigation" under Rule
10 16.  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011).

11      Rule 15 "is very liberal and leave to amend 'shall be freely given when justice so
12 requires.'"  AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006)
13 (citing Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999)); DCD Programs, Ltd. v. Leighton,
14 833 F.2d 183, 186 (9th Cir. 1987) ("[R]ule 15's policy of favoring amendments to pleadings
15 should be applied with extreme liberality.").  In exercising this discretion, the court "must be
16 guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on
17 the pleadings or technicalities."  Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991).  "But
18 a district court need not grant leave to amend where the amendment: (1) prejudices the opposing
19 party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."
20 AmerisourceBergen, 465 F.3d at 951.  The consideration of prejudice carries the greatest weight,
21 and the opposing party bears the burden of showing prejudice.  Eminence Capital, LLC v. Aspeon,
22 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing DCD Programs, 833 F.2d at 186-87).

23

24                **DISCUSSION**

25    *Plaintiff's Arguments*

26      Plaintiff argues that good cause exists to substitute Walter for Bates because Bates
27 diligently sought substitution after he secured new employment and realized that his strict work
28 schedule significantly limited his ability to serve as the putative class representative.  Additionally,

Plaintiff contends that the substitution will not prejudice Defendants, given that Walter's claims are identical to those of Bates and that Walter is willing to sit for another deposition to discuss his role as putative class representative. Plaintiff also asserts he did not unduly delay his motion or file it in bad faith because the circumstances impeding his ability to represent the class were not apparent until a few weeks before he filed his motion. Furthermore, Plaintiff contends that substitution would not be futile because Walter is a similarly situated class member as Bates and is equally capable of representing the class. Finally, Plaintiff argues that judicial economy weighs in favor of granting substitution because if the Court denies substitution, then Walter will file a new class action involving the same claims, facts, and pleadings as this case, costing the Court and parties significant time, work, and money.

*Defendants' Arguments*

Defendants argue that substitution should be denied because Plaintiff presented no evidence that substitution of a putative class representative is allowed before the class is certified and while a class certification motion is pending. Additionally, Defendants assert that Plaintiff failed to demonstrate good cause under Rule 16 because he did not act diligently in seeking the substitution and modification of the preliminary scheduling order. According to Defendants, Plaintiff's motion for substitution came long after the deadline to amend the pleadings and months after evading Defendants' repeated requests to depose Bates. Furthermore, Defendants argue that they would be prejudiced if substitution is granted because Defendants invested substantial time and effort preparing for issues particular to Bates and would have to undertake additional discovery and litigation costs to examine Walter as a putative class representative. Defendants further contend that should this Court grant Plaintiff's motion, the Court should (1) require Plaintiff to pay for Defendants' reasonable expenses incurred in discovery relating to Bates and his deposition; (2) allow Defendant to further depose Walter without it counting as an additional deposition against Defendants' ten deposition limit under Rule 30(a)(2)(A)(i); (3) allow Defendant up to an additional seven hours to take Walter's further deposition as to the claims and theories in the amended complaint, as well as his potential role as class representative; (4) require Plaintiff to pay for Defendants' reasonable costs for the further deposition of Walter; and (5) if the Court

4

grants class certification in this case, determine that the class certification period ends on August 29, 2022.

*Discussion*

To the extent Defendants claim that courts in the Ninth Circuit generally deny motions to substitute a class representative when filed before the putative class is certified, the Court disagrees. Several courts in the Ninth Circuit have granted pre-certification motions to substitute putative class representatives. See In re Hard Disk Drive Suspension Assemblies Antitrust Litig., 2021 U.S. Dist. LEXIS 236184, *14 (N.D. Cal. Dec. 9, 2021) (granting plaintiff's motion to substitute putative class representative pre-certification); Aguilar v. Boulder Brands, Inc., 2014 U.S. Dist. LEXIS 122822, *28 (S.D. Cal. Sep. 2, 2014) (same); De Souza v. Pulte Home Corp., 2009 U.S. Dist. LEXIS 144865, *10 (E.D. Cal. Feb. 5, 2009) (same). While Defendants cite some cases in which courts denied such motions, those courts did not apply a categorical rule, but instead denied the motions after analyzing them under Rule 15 and/or Rule 16.[2] See Wilson v. Frito-Lay N. Am., Inc., 2017 U.S. Dist. LEXIS 129053, at *9 (N.D. Cal. Aug. 14, 2017) (denying motion to substitute putative class representative because the plaintiff's lack of diligence in seeking substitution demonstrated a lack of "good cause" under Rule 16); Velazquez v. GMAC Mortg. Corp., 2009 U.S. Dist. LEXIS 88574, at *11-12 (C.D. Cal. Sep. 10, 2009) (denying plaintiff's motion to substitute due to "prejudice" to defendant and plaintiff's "undue delay" under Rule 15). Therefore, to evaluate the merits of Plaintiff's motion to substitute, the Court will analyze the motion under the Rule 15 and Rule 16 standards established by the Ninth Circuit. See Johnson, 975 F.2d at 608 (explaining standard that if "good cause" is shown under Rule 16 to amend a scheduling order, then the party must thereafter show that the amendment is proper under Rule 15).

---

[2] Defendants also cite a case in which the court denied a motion for class certification because the putative representative could not adequately represent the putative class due to conflict-of-interest concerns. See Miller v. Mercedes-Benz USA LLC, 2009 U.S. Dist. LEXIS 45512, at *6-7 (C.D. Cal. May 15, 2009). There, the court did not directly analyze a motion to substitute and, therefore, its holding is not applicable to the facts in the present case. See id.

### 1. Rule 16

The Court finds that good cause exists under Rule 16 for Plaintiff to amend the operative complaint because Plaintiff was diligent in bringing his motion to substitute.[3] The record indicates that Plaintiff filed his motion to substitute only several weeks after it became apparent that his new employment "significantly limited his time, including the time he can spend further pursuing this case." Doc. No 40-2 at 2. Unlike in other situations where courts found insufficient diligence, Plaintiff did not file his motion several years after he knew or should have known of the facts prompting his decision to seek substitution. Cf. Wilson, 2017 U.S. Dist. LEXIS 129053, at *9 (finding no good cause to substitute because plaintiff filed motion more than two years after realizing the alleged basis for substitution). Furthermore, the record shows that Plaintiff attempted for several weeks to secure a full day off of work so that he could testify in a deposition but was unable to do so without potential repercussions from his new employer. Plaintiff states this unavailability was unforeseen when the Court issued its Preliminary Scheduling Order and when he initiated this action, and Defendants do not argue otherwise. In light of these "reasons for seeking modification," Johnson, 975 F.2d at 609, the Court finds that Plaintiff was diligent in bringing his instant motion to substitute. See Aguilar, 2014 U.S. Dist. LEXIS 122822, at *25.

### 2. Rule 15

Under Rule 15's "very liberal" standard, the Court finds that Plaintiff's proposed amendment to the complaint by substituting Walter in for Bates is proper. Defendants do not claim that the amendment was sought in "bad faith" or that the claims to be asserted by Walter are "futile." Instead, Defendants focus on Plaintiff's "undue delay" in filing his motion and the "prejudice" they would suffer if substitution is granted.

With respect to undue delay, the Court previously found that Plaintiff acted diligently in filing his motion several weeks after obtaining new employment with a strict schedule and attempting to secure a day off of work for his deposition. Furthermore, with respect to prejudice,

---

[3] While Defendants take issue with the fact that Plaintiff's counsel, and not Plaintiff himself, submitted a signed declaration in support of Plaintiff's motion to substitute, this fact is inapposite as Defendants neither allege nor present any evidence that the signed declaration of Plaintiff's counsel is false. See Aguilar, 2014 U.S. Dist. LEXIS 122822, at *24. Courts have taken counsel at their word in this context. Id. at *24-*25.

1  the Court finds that Defendants did not meet their burden to prove that they would be prejudiced
2  by the substitution. Eminence Capital, LLC, 316 F.3d at 1052; DCD Programs, 833 F.2d at 186-
3  87. Defendants claim that they invested substantial time and effort preparing for "issues particular
4  to Bates" and that they would have to undertake additional discovery and litigation costs to
5  examine Walter as a putative class representative. However, Defendants neither explain nor
6  provide any evidence for what the "issues particular to Bates" are. For example, Defendants do not
7  indicate whether Bates and Walter had different job titles, training, responsibilities, experiences, or
8  schedules at the Tracy facility that would necessitate a unique approach towards Bates.
9  Furthermore, Defendants' litigation expenses in examining Bates before Plaintiff filed his motion
10 to substitute do not alone equal prejudice. See Clark v. Citizens of Humanity, Ltd. Liab. Co.,
11 2016 U.S. Dist. LEXIS 122672, *8 (S.D. Cal. May 3, 2016) ("Litigation expenses alone do not
12 equal prejudice. This is especially true of litigation expenses incurred before a motion to amend
13 has been filed.") (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.
14 2001)). Defendants also do not allege that the cost of deposing Walter would be any more than
15 the costs they would have otherwise incurred in their planned future deposition of Bates.

16       Given Rule 15's "very liberal" standard and purpose of "facilitat[ing] decision on the
17 merits, rather than on the pleadings or technicalities," Roth, 942 F.2d at 628, the Court grants
18 Plaintiff leave to amend the operative complaint to substitute Walter in for Bates. However, the
19 Court will also allow Defendants to depose Walter up to an additional seven hours regarding his
20 role as putative class representative without it counting as an additional deposition against
21 Defendants' ten deposition limit under Rule 30(a)(2)(A)(i). The Court will also set the class
22 certification end period to August 29, 2022, as agreed to by Plaintiff, if the Court grants class
23 certification in this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Substitute and Amend First Amended Complaint (Doc. No. 40) is GRANTED;
2. Defendants' Motion for Leave to File a Sur-reply (Doc. No. 48) is DENIED;
3. Defendants' deadline to file an Opposition to Plaintiff's Motion for Class Certification (Doc. No. 32) is set to forty-five (45) days from the date of this Order;
4. Plaintiff's deadline to file a Reply to Defendants' Opposition is set to ninety (90) days from the date of filing of Defendants' Opposition; and
5. Defendant may depose Walter up to an additional seven hours regarding his role as putative class representative and this deposition will not count as an additional deposition against Defendant's ten deposition limit under Rule 30(a)(2)(A)(i).

IT IS SO ORDERED.

Dated:   August 16, 2022                                     _____
                                                              SENIOR DISTRICT JUDGE