UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED WALTER, an individual, on behalf of himself and all members of the putative class,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00700-JLT-BAM<br><br>**ORDER DENYING PLAINTIFF FRED WALTER'S MOTION TO STAY PROCEEDINGS**<br><br>(Doc. 70) |

This action proceeds as a class action on Plaintiff Fred Walter's ("Walter") late and short meal break claim against Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino"). On June 9, 2023, Walter filed a motion to stay the case pending the Ninth Circuit's ruling on the appeal following a jury trial in the related case of *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM (USCA Case No. 23-15778) and global settlement discussions in all Leprino class actions. (Doc. 70.) The Court found the matter suitable for resolution without oral argument, and vacated the hearing set for July 14, 2023. L.R. 230(g).

Having considered the parties' briefs and the record in this action, Walter's motion will be denied.

1

**I.      BACKGROUND**

Original Plaintiff Charles Bates ("Bates") filed this action against Leprino on February 28, 2020, in San Joaquin County Superior Court. (Doc. 1, Ex. A.) The first amended complaint, which was filed after the matter was removed to this Court, raised six causes of action on behalf of Bates and a putative class: (1) failure to provide meal periods or compensation in lieu thereof, in violation of California Labor Code § 226.7 and California Industrial Welfare Commission ("IWC") Wage Orders; (2) failure to provide rest periods or compensation in lieu thereof, in violation of California Labor Code § 226.7 and IWC Wage Orders; (3) failure to pay minimum wages, in violation of California Labor Code §§ 1194, 1197, and 1197.1; (4) failure to pay all earned and unpaid wages at the time of termination of employment, in violation of California Labor Code §§ 201 and 202; (5) failure to provide accurate itemized wage statements, in violation of California Labor Code § 226; and (6) violation of California's unfair competition law ("UCL") under California Business & Professions Code § 17200, et seq. (Doc. 7, pp. 10-19.) On November 2, 2020, the Court dismissed Bates' request for statutory penalties for his wage statement claim, and for restitution for his UCL claim. (Doc. 25.)

On February 4, 2022, Bates filed a motion for class certification. (Doc. 32.) During pendency of that motion, Bates withdrew his declaration in support of the motion for class certification, and Walter was substituted as the putative class representative. (Docs. 40, 41, 52, 60.)

Additionally, while the motion for class certification remained pending, the *Vasquez* matter proceeded to a jury trial on March 14, 2023. At issue was whether Leprino had a facility-wide practice at its Lemoore West facility between May 8, 2013 and March 31, 2020 that required class members to be on-call during their meal and rest breaks. On April 6, 2023, the jury rendered a verdict for Leprino, finding that Leprino did not have a facility-wide policy at its Lemoore West facility that required the class to be on-call during rest breaks or during meal breaks. (*Vasquez,* 1:17-cv-00796, Doc. 430.) Plaintiffs Vasquez and Hefke appealed on May 5, 2023. (*Id.* at Doc. 436.) Leprino filed a conditional cross appeal in the event the Ninth Circuit does not affirm the district court's judgment. (*Id.* at 439.) The opening briefs in the cross-

appeals in *Vasquez* are due on August 14, 2023.  (Doc. 70-1 at p. 2.)

After conclusion of the *Vasquez* trial, on April 4, 2023, the district court partially granted Walter's motion for class certification and certified only Walter's late and short meal break claim for class aggregation under Rule 23.  (Doc. 62.)  Walter's class action claim is premised on whether Leprino's meal period timekeeping system resulted in untimely or short meal periods for the putative class members at Leprino's Tracy facility in violation of California law.   (*Id.* at pp. 19, 29-30.)  The matter was referred back to the undersigned for further scheduling, but a schedule as not yet been set.

 On June 6, 2023, Walter filed the instant motion seeking a stay of all proceedings pending the appeal in *Vasquez* and to pursue global settlement discussions.  (Doc. 70.)  In light of the motion, the Court vacated the Scheduling Conference set for July 21, 2023.  (Doc. 71.)

**II.     LEGAL STANDARD**

In deciding whether to issue a stay, the Court applies the standard set forth in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), which "typically applies to stays of proceedings pending the resolution of a related action in another court." *Flores v. Bennett*, No. 1:22-cv-01003-JLT-HBK, --- F. Supp. 3d ---, 2023 WL 3751998, at *2 (E.D. Cal. June 1, 2023) (citing *Landis*, 299 U.S. at 249-50).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis.*, 299 U.S. at 254 (1936).  A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [ ] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

The *Landis* factors guide the analysis of when a stay is appropriate; these factors include: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

which could be expected to result from a stay.*"* CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis,* 299 U.S. at 255; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

**III.    DISCUSSION**

    A. <u>Walter's Position</u>

Walter believes that because similar questions in this case are currently pending before the Ninth Circuit in *Vasquez*, it makes "little sense" to force the parties to continually re-litigate the same issues when the Ninth Circuit "will undoubtedly issue binding authority on the similar issues pending in this case." (Doc. 70-1 at p. 2.) In particular, Walter indicates that the appeal in *Vasquez* "will resolve numerous legal questions about what it means to provide a proper meal period, what the proper jury instructions are for such a claim, and more." (*Id.* at p. 5.) Walter further indicates that Leprino has cross-appealed "virtually every order related to certification, summary judgment, motions *in limine*, and expert challenges," and "it makes little to no sense to force the Parties to continually litigate the same issue and file the same briefs over again in a vacuum." (*Id.*) Walter assets that because Leprino's defense strategy has largely been identical in each class action, this case "will inevitably involve yet another round of certification briefing, expensive expert challenges, duplicative motions for summary judgment, and motion for decertification while those exact issues are on appeal." (*Id.*)

Additionally, Walter contends that Leprino's pending motion for summary judgment or alternatively, decertification in the related matter of *Perez*, which is fully briefed, concerns the same issues. Walter asserts that the motion is massive, and includes arguments advanced by Leprino that have been rejected multiple times by the previously assigned district judge. With the parties having to conduct merits discovery and prepare for expert designation and dispositive motions, it "makes little sense to have the Parties and Court hear and brief the same arguments on repeat." (*Id.* at p. 6.) Walter claims that a decision by the Ninth Circuit in *Vasquez* and by the district court in *Perez* "will likely resolve numerous issues, give guidance on how the Parties can

proceed forward, and *hopefully* reduce the scope of Leprino's redundant and erroneous legal challenges." (*Id.*) (emphasis in original).

As to the relevant *Landis* factors, Walter contends: (1) no parties will be damaged by a temporary stay. The next step is for the parties to take merits discovery, distribute the class notice, designate experts, take expert depositions, and then file dispositive motions like in *Vasquez* and *Perez*. Walter claims they should not have to do this while the same issues are in dispute and pending before the Ninth Circuit. Walter asserts that the same dispositive motions—summary judgment and decertification—are at issue in Leprino's cross appeal in *Vasquez* and the parties will benefit from the Ninth Circuit's guidance; (2) all parties and the Court will face hardship for being forced to move forward and litigate the same issues on appeal, but in a vacuum;[1] and (3) a temporary stay will simplify issues, because the *Vasquez* appeal should narrow the parties' disputes—particularly in light of Leprino's cross-appeal.

Finally, Walter reports that the parties are in the middle of negotiating a global settlement of all Leprino cases. Walter asserts that instead of focusing on re-litigating issues that are already pending before the Ninth Circuit, the parties would be better served if their efforts were directed towards meaningful settlement. (Doc. 70-1 at p. 8.)

B. Leprino's Position

Leprino counters that a stay is not warranted, and the *Landis* factors weigh against staying the action. First, Leprino contends that a stay will lead to undue delay, damage to Leprino's reputation and its relationship with its employees and consumers, and harm its ability to adequately defend itself. Leprino contends that witnesses may become unavailable or likely forget or misremember key details.

Second, Leprino contends that Walter has not demonstrated a clear case of hardship or inequity in requiring to proceed. That Walter does not want to engage in discovery or write briefs

---

[1] Walter also claims that "there is no way that the Ninth Circuit will be able to issue its guidance before the Parties' dispositive motion deadline in August, meaning they will be forced to litigate the same issue on appeal but in a vacuum." (Doc. 70-1 at p. 7.) Walter's argument seems to be a carryover from a motion to stay proceedings filed in a different matter. The Court has not scheduled merits discovery in this case, nor has it set any dispositive motion deadline.

5

1  in a case he chose to prosecute does not constitute undue hardship.  Leprino also contends that
2  Walter seeks an indefinite stay and has not claimed that the Ninth Circuit will resolve the *Vasquez*
3  appeal in the near future given that briefing has not even begun in the appeal.
4     Third, Leprino asserts that Walter has not shown that the orderly course of justice
5  warrants a stay of proceedings.  According to Leprino, Walter has not stated with any specificity
6  how the appeal in *Vasquez* or the summary judgment and decertification motions in *Perez* will
7  simplify this case.  Leprino points out that *Vasquez* involved an on-call meal and rest break claim
8  at Leprino's Lemoore West facility, but the only certified claim here is a late and short-meal
9  break claim, involving the Tracy facility and different legal theories and facts.  (Doc. 72 at p. 13.)
10 As to Leprino's cross-appeal in *Vasquez*, Leprino contends that it does not bear on the issues in
11 this case because it will be heard only if the Ninth Circuit reverses the jury verdict and, even then,
12 it will address the district court's orders only in relation to the on-call break theory.  (*Id*. at n. 2.)
13    Leprino also points out that *Perez* involves an on-call break claim, which has little to do
14 with the late and short meal-break claim certified in this case.  Leprino also notes that the pending
15 summary judgment and decertification motions in *Perez* address claims that Leprino required
16 class members to remain on duty during their meal breaks and required that class members spend
17 more than 14 minutes off the clock performing certain pre- and post-shift tasks. (*Id.* at pp. 13-14.)
18 Leprino argues that those claims have little to do with Walter's late and short meal-break claim.
19 Leprino additionally asserts that one key defense to Perez's meal-period claims involves the
20 collective bargaining agreement between the class members' union and Leprino, but a different
21 union represents the class members in this case, and that union negotiated a distinct collective
22 bargaining agreement with Leprino.  (*Id.* at p. 14.)
23    Leprino further argues that case-management concerns do not warrant a stay.  Leprino
24 points out that if Walter's counsel had actually been concerned about the Court's resources, then
25 they would have asked to the stay the *Perez* matter pending the resolution of the *Vasquez* appeal.
26     With regard to global settlement, Leprino avers that there is no indication that global
27 settlement is imminent, and there is no deadline for settlement talks to conclude.
28    As a final matter, in addition to challenging the stay, Leprino seeks sanctions against

Walter's counsel for noticing the instant motion before the magistrate judge and for failing to meet and confer prior to filing the motion.

### C. *Landis* Factors

#### 1. Possibility of Damage

The first *Landis* stay factor considers the "possible damage which may result from the granting of a stay" to either party. *CMAX*, 300 F.2d at 268. Leprino first argues that it maintains an interest in expeditiously resolving claims pending against it and that delaying resolution of this matter—after more than three years of discovery, motion practice, and preparation for potential trial—harms its interests. However, delay alone does not constitute prejudice. *Hoopa Valley Tribe v. United States Bureau of Reclamation*, No. 1:20-cv-01814-JLT-EPG, 2023 WL 3481144, at *3 (E.D. Cal. May 16, 2023) (citing *CMAX*, 300 F.2d at 268-69).

Leprino next suggests that a stay may damage its reputation and its relationship with its employees and consumers. (Doc. 72 at pp 8-9.) Given that this case is one of many, the Court finds Leprino's suggestion that a further stay would result in employee or consumer damage is at best speculative.

Leprino also argues that a fair possibility of harm exists from a stay because witnesses will likely forget or misremember key details and witnesses will likely become unavailable. Leprino notes that several of its witnesses have left their employment with Leprino in the more than three years since this litigation began. (*Id.* at p. 9.) The Court finds persuasive Leprino's argument that the potential for witnesses becoming unavailable, to their memories fading, and to evidence becoming stale could result in damage to Leprino. "Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citation and quotation marks omitted). Given that there is a fair possibility of some cognizable harm to Leprino if a stay is entered, the Court must determine whether Walter has made clear case that he will suffer hardship or inequity. *Lockyer*, 398 F.3d at 1112.

#### 2. Hardship or Inequity

The second *Landis* factor considers "the hardship or inequity which a party may suffer in

being required to go forward." *CMAX*, 300 F.2d at 268. Walter asserts that it would be wasteful to force the parties to litigate the same issues on appeal, but in a vacuum, and with the Ninth Circuit's ruling in *Vasquez,* the parties "will be more informed on how to proceed." (Doc. 70-1 at p. 7.) Walter also cites to the Court's "massive caseload" and urges that moving forward in this case would compound that issue. (*Id*.)

Leprino counters that Walter's complaint about conducting discovery and filing briefs does not constitute hardship or inequity. The Court agrees. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'" *Lockyer,* 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255, 57 S.Ct. 163). And if, as Walter claims, *Vasquez* and *Perez* raise issues similar to those in the instant case (*see* Doc. 70-1 at pp. 5-6), then the remaining discovery and briefing would likely be relatively similar, suggesting that it would not pose an additional burden. *Cf. Thomas More L. Ctr. v. Harris*, No. CV 15-3048-R, 2015 WL 13920257, at *1 (C.D. Cal. Aug. 18, 2015) ("If, as she asserts, the two cases are very similar, the discovery is likely to be relatively similar. It is hard to imagine that discovery in this case would pose much of a burden").

However, contrary to Walter's assertion, the Court does not find that *Vasquez* and *Perez* involve similar issues to the issue in the instant case. Those cases both involve on-call claims, whereas this action concerns a late and short meal-break claim. It is therefore not evident that the Ninth Circuit's decision in the *Vasquez* appeal will streamline the issues that the parties must litigate moving forward in this action. Although Walter contends that the appeal in *Vasquez* "will resolve numerous legal questions about what it means to provide meal and rest periods, what the proper jury instructions are for such claims, and more,"(Doc. 70-1 at p. 5), Walter does not identify the "legal questions" or explain how the appeal will clarify or simplify any of the issues presented here involving his late and short meal-break claim. Even if the Court accepts Walter's assertion, and the Ninth Circuit provides resolution concerning meal and rest periods or proper jury instructions, that resolution likely will not provide significant guidance on the factual questions presented in this case nor inform the parties' litigation and discovery strategies. *Vasquez* involved whether Leprino has a facility-wide policy at its Lemoore West facility that

1    required class members to be on call during both meal and rest breaks.  In contrast, this action
2    involves the question of whether Leprino's meal period timekeeping system resulted in untimely
3    or short meal periods for the putative class members at Leprino's Tracy facility.

4    Walter also suggests that the issues identified in Leprino's cross-appeal will bear on issues
5    in this case, such as class certification, summary judgment, motions *in limine*, and expert
6    challenges. (Doc. 70-1 at p. 5.) In his reply, Walter argues that the appeal will undoubtedly help
7    significantly narrow the parties' numerous ongoing disputes over the elements of class
8    certification, summary judgment, *Daubert* standards, and what it means to provide a proper break
9    under California law. Walter posits that if the Ninth Circuit reverses any or all of Judge Ishii's
10   orders and finds his application of class certification principles or California meal and rest breaks
11   law improper in the *Vasquez* matter, then that will have inevitable consequences for each pending
12   class action, the scope of their relevant discovery, the kinds of experts needed, and the heavy
13   dispositive motions on the horizon. (Doc. 74 at pp. 6-7.) Again, Walter provides no real
14   explanation of how this action will be impacted by any ruling in *Vasquez* or the application of
15   legal principles to an entirely different facility, different policies, and an admittedly different set
16   of facts.

17   Walter suggests that the cross-appeal likely will involve the standard for decertification,
18   for example, and whether it will be his burden to present additional and new evidence to prove
19   that Federal Rule of Civil Procedure 23 is met again after the merits phase. (Doc. 74 at p. 8.)
20   Walter contends that if the Ninth Circuit reverses the jury verdict, reverses the district judge's
21   ruling related to the standard for decertification, and determines that Walter must obtain
22   additional evidence in the merits phase to establish class certification again, then his litigation
23   approach will be fundamentally altered. (*Id*.) Walter queries how he is supposed to advise the
24   Court as to expanded discovery in the merits phase or how the Court is supposed to determine
25   what is relevant and discoverable for Rule 23 before the Ninth Circuit rules on the issue. (*Id.*)

26   The Court is not persuaded that resolution of the decertification question would
27   fundamentally alter the scope and substance of merits discovery on Walter's claims. It is unclear
28   to the Court why Walter cannot not fashion his merits discovery, which has not even commenced,

already knowing the decertification/summary judgment standard that Leprino reportedly "has made . . . in each case that has reached the merits phase, and there is no doubt it will continue to file the same motion and make the same arguments in its inevitable decertification/summary judgment motions here." (*Id.*) Further, the Court is not wholly persuaded that the *Vasquez* appeal will reach the issue of decertification given the conditional nature of the cross-appeal.

Based on the above, the Court does not find that moving forward with this action would cause a potentially unnecessary hardship or inequity.

### 3. Orderly Course of Justice

Finally, the third *Landis* factor considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). A *Landis* stay is inappropriate if another proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer*, 398 F.3d at 1113.  Whether the jury verdict in *Vasquez* is upheld or reversed, it will in no way contribute to the decision and issues before this Court.  The jury verdict and jury instructions related to the on-call claims in *Vasquez* are not determinative to the late and short meal-break claims at issue here.  The mere fact that the cases were related by the Court is not determinative.  Walter has suggested that the only potential impact of the appeal would be if the Ninth Circuit reaches certain issues of proof raised by Leprino's conditional cross-appeal.  However, Leprino has asserted that the conditional cross-appeal relates only to the on-call theories and facility at issue in *Vasquez*, not the instant action.

To the extent Walter asserts that counsel is in the middle of negotiating a global settlement of all Leprino cases as a reason for issuing the stay, Walter fails to demonstrate why settlement discussions could not proceed during pendency of the *Vasquez* appeal or while this action moves forward.  No settlement has been scheduled and Walter has not indicated that settlement is imminent or that there is a deadline for settlement discussions to conclude. (*See* Doc. 72-1, Declaration of Sandra L. Rappaport, ¶ 5.)

### D. Sanctions

Leprino contends that the Court should sanction Walter's counsel for noticing and briefing

the matter before the assigned magistrate judge and for failing to meet and confer before filing the motion to stay. (Doc. 72 at pp. 17-18.) As to noticing the motion before the magistrate judge, the district court has determined that this objection "is unfounded, as such motions are non-dispositive and are routinely handled by the assigned magistrate judges in this district." (Doc. 73.) As to Leprino's meet and confer objection, however, the district court directed Walter to either file either (1) a declaration establishing that the meet and confer requirements have been met, (2) a notice withdrawing the motion, or (3) a revised motion after the meet and confer process has been completed. (*Id.*)

On June 29, 2023, Walter filed the declaration of counsel Kitty K. Szeto regarding the parties' meet and confer efforts. (Doc. 74-1). Relevant here, Ms. Szeto declares:

> On May 9, 2023, prior to the filing of this motion, I spoke on the telephone with Defendant Leprino Food Company's ("Leprino") lead counsel, Sandra Rappaport, collectively about all of the Leprino cases, and specifically discussed a stay of all proceedings. I specifically asked her if Leprino would be amenable to a stay of all proceedings in light of the Vasquez appeal and to facilitate settlement discussions. She stated she would discuss with Leprino. Likewise, on May 30, 2023, I sent Ms. Rappaport an e-mail once again proposing a stay and asking if Leprino is willing to stipulate to stay all of the Leprino cases. On May 31, 2023, I had another call with Ms. Rappaport. Ms. Rappaport confirmed receipt of my e-mail and informed me that Leprino is not willing to stay any of the Leprino cases. She rejected my proposal of a stay and confirmed Leprino would decline any stays because it wanted "to preserve its litigation advantage." During our call, Ms. Rappaport did not mention any other reasons for not staying the cases and did not mention any concerns that Leprino would somehow actually be prejudiced by a stay. After multiple attempts trying to reach an agreement, I understood Leprino's position would be to oppose a stay, and that a motion would need to be filed.

(*Id.* at ¶ 1.) Given counsel's understanding that Leprino opposed a stay and that a motion would need to be filed, the Court finds that further meet and confer efforts likely would not have yielded different results and that Leprino would continue to oppose any stay request. Accordingly, the Court declines to issue monetary sanctions or the costs of responding to the motion.

**IV.     CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff Walter's motion to stay proceedings is DENIED;

2. Leprino's request for sanctions is DENIED; and

11

3. The Court sets this matter for a further SCHEDULING CONFERENCE on **September 26, 2023, at 10:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.  The parties shall file a Joint Scheduling Report at least one (1) full week prior to the conference.  The parties shall appear at the conference remotely with each party connecting either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:   **July 18, 2023**              /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE